## Wilson v. Johnson.

(Decided June 21, 1912.)

### Appeal from Allen Circuit Court.

Trespass to Try Title—Finding of Chancellor—Evidence.—In an action of trespass to try title, evidence examined and held sufficient to sustain a finding in favor of defendant.

GOAD & OLIVER for appellant.

GILLIAM & GILLIAM and NOEL F. HARPER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiffs, Mallie Wilson and G. C. Whitesides, brought this action of trespass against defendant, W. T. Johnson, to try title to a small tract of land located in Allen county. The strip of land in controversy lies between the farm of plaintiffs and that of defendant, and the title thereto depends on the location of the division line between the two farms. Plaintiffs described their land according to their deed, and alleged that defendant was asserting title to a portion thereof, and was trespassing thereon and injuring the fences, crops, etc. The

defendant, Johnson, after denying the plaintiffs' title, pleaded title in himself to the strip of land in controversy. Judgment was rendered in favor of defendant, and plaintiff, Mallie Wilson, appeals.

The line in dispute is the line "Beginning on a black gum and remains of a chestnut stump corner to Odus Brown, Tom Johnson and James D. Read; thence N. 7¼ W. with the old Settle line 129 poles, line marked to the middle of said Scottsville and Gallatin road." The line as contended for by plaintiffs is not a straight line, but was an offset in it about eight feet. According to plaintiff's evidence, plaintiffs purchased the land from J. W. Whitesides. There being a dispute between Whitesides and defendant as to the location of the division line, they procured the services of B. C. Wilson, a surveyor. Wilson surveyed the line, and thereupon Whitesides and defendant marked the line, and this line is the one now claimed by plaintiffs. Thereafter, J. W. Whitesides sold to plaintiffs and they built a fence along the agreed line. Before building the fence, however, they had the defendant, Johnson, point out the line to them, and built the fence along the line pointed out by him. There was also some evidence to the effect that about 17 years before the bringing of the action, John Hester, a former owner of the tract of land now owned by plaintiffs, had a portion of the land in controversy enclosed by a fence.

According to the evidence for a defendant, there was formerly a dispute as to the division line between Hester and defendant, Johnson. They employed S. J. Read, a surveyor, to run the line. Read ran the old Settle line, and it was a straight line. No line was marked at the time. After Whitesides became the owner of the land now owned by plaintiffs, he and Johnson procured B. C. Wilson, another surveyor, to run the line. Wilson located the line by both deeds. Wilson ran a straight line from the gum to the triple poplars. Johnson and Whitesides were both present. Whitesides says: "We told him (Wilson) we had a corner to start on and three poplars to end on, and what we wanted was a direct line between the two." The parties marked this line at the time. Some of the trees in this line have since been cut. The defendant, Johnson, says that after the line was marked and agreed on, some other person marked the

trees on the line now claimed by plaintiffs. L. O. Cliburn ran the line several times. When he ran by the papers he ran a straight line. At another time he ran the crooked line with an offset of eight feet. In doing this, he did not follow the lines of the two deeds, but simply followed the directions of Whitesides, who showed him some marked timber. This witness says that two lines can be run by the marked timber; one a straight line from the gum to the point on the pike, and another with an eight-foot offset, as shown by Whitesides. Johnson denies having pointed out to plaintiffs where to build the fence, but claims that he told Mallie Wilson that she was not putting the fence on her side of the line.

Upon these facts we see no reason to disturb the finding of the chancellor. With the exception of the time that Wilson surveyed the dividing line according to the directions of Whitesides, all the surveyors surveyed a straight line. The deeds themselves call for a straight line. Even when Wilson, at the request of Whitesides and Johnson, surveyed the line, Whitesides admits that he surveyed a straight line. As there are two marked lines, one a straight line and one with an offset of eight feet, we conclude that the straight marked line is the dividing line between the parties.

Some question is made as to the propriety of the court's action in refusing to permit a substituted amended reply to be filed in lieu of an amended reply which it is claimed had been filed and not noted of record. Certain affidavits were introduced to show that the amended reply had been filed. In the amended reply there was a plea of limitation and champerty. We regard this question, however, as immaterial; for it is apparent, from a consideration of the whole record, that no question of limitation or champerty is involved, as the former owners of the two tracts were holding to the dividing line, wherever that line might be.

Judgment affirmed.